1    Dustin C. Beckley (CA Bar Number 238692)
    Manion Gaynor & Manning LLP
2    DBeckley@mgmlaw.com
    444 South Flower Street, Suite 2150
3    Los Angeles, CA 90071
    Telephone: (213) 622-7300
4    Facsimile: (213) 622-7313

5    Gallagher & Kennedy, P.A.
    Kenneth M. Motolenich-Salas *(Pro Hac Vice Application Pending)*
6    ken.motolenich@gknet.com
    2575 East Camelback Road
7    Phoenix, Arizona 85016-9225
    Telephone: (602) 530-8000
8    Facsimile: (602) 530-8500

9    Attorneys for Defendants
    Loong Star, Inc. and Wenji Dong

10

11            UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13            EASTERN DIVISION

| | |
|---|---|
| 14    SKY BILLIARDS, INC., | Case No. 5:14-cv-00921-JGB-SP |
| 15        Plaintiff, | **LOONG STAR INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY TRANSFER VENUE** |
| 16        v. | |
| 17    LOONG STAR, INC., a Kansas corporation; WENJI DONG, an individual, and DOES 1 through 10, inclusive, | |
| 18 | |
| 19 | |
| 20        Defendants. | Date: September 8, 2014 |
| 21 | Time: 9:00 am Judge: Hon. Jesus G. Bernal Date Action Filed: May 8, 2014 |

22

23

24

25

26

27

28

- 1 -            5:14-CV-00921-JGB-SP

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

RELEVANT FACTS ............................................................................................... 1

ARGUMENT ......................................................................................................... 3

1.  The Court Lacks Personal Jurisdiction over Loong Star ............................ 3

    A.  Loong Star Does Not Have Substantial or Continuous and Systematic Contacts with California to Establish General Personal Jurisdiction .............................................................................. 3

    B.  Loong Star Does Not Have Sufficient Contacts with California to Establish Specific Personal Jurisdiction ............................................ 6

        i.  Loong Star Did Not Purposefully Direct Any Activities to California ........................................................................................... 7

        ii.  The Claims in this Action Do Not Arise Out of or Relate to Loong Star's Activity in California ...................................... 9

        iii.  The Exercise of Personal Jurisdiction over Loong Star Would be Unreasonable ............................................................. 10

2.  The Action Should be Dismissed for Improper Venue ............................. 11

3.  If Not Dismissed, This Action Should Be Transferred to the District of Kansas ................................................................................................... 13

    A.  This Case Should Be Transferred to the District of Kansas for Improper Venue .................................................................................. 13

    B.  This Case Should Be Transferred to the District of Kansas for the Convenience of the Parties, Convenience of the Witnesses, and in the Interests of Justice ............................................................. 14

CONCLUSION .................................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**

*Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*,
134 S. Ct. 568 (2013) ...................................................................13, 14

*Ballard v. Savage,* 65 F.3d 1495, 1500 (9th Cir.1995) .......................... 10

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082 (9th Cir. 2002)....... 7

*Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008).........................................7, 8

*Burger King v. Rudzewicz*, 471 U.S. 462 (1985) ........................................ 11

*Calder v. Jones*, 465 U.S. 783 (1984) ......................................................... 8

*Clark v. Busey*, 959 F.2d 808 (9th Cir. 1992) ........................................... 14

*CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066 (9th Cir. 2011)......4, 8, 11

*Comfort Heat Systems, LLC v. Royall Mfg., Inc.*, 2009 WL 313443, at *3
(D. Minn. Feb. 6, 2009) .................................................................... 6

*Commercial Lighting Products, Inc. v. U.S. Dist. Court*, 537 F.2d 1078 (9th Cir.
1976)......................................................................................................... 15

*Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482 (9th Cir. 1993) ............... 11

*Cybersell, Inc. v. Cybersell, Inc, 130 F.3d 414 (9th Cir. 1997)* ............................ 8

*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F. 2d 834 (9th Cir. 1986) .... 15

*Doe v. American Nat'l Red Cross*, 112 F.3d 1048 (9th Cir. 1997) ....................... 10

*Facebook, Inc. v. Pedersen*, 868 F.Supp.2d 953 (N.D. Cal. 2012) ........................ 8

FDIC *v. British-American Ins. Co., Ltd.*, 828 F.2d 1439 (9th Cir. 1998) .............. 11

*Foster-Gwin v. Fallwell*, No. C01-03068-WHA, 2001 WL 1382069
(N.D. Cal. Nov. 5, 2001)...................................................................5, 6, 7, 12

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. __, 131 S.Ct. 2846
(2011) .......................................................................................................... 5

*Gurglepot, Inc. v. New Shreve, Crump & Low LLC*, 2014 WL 2744283, at *3
(W.D. Wash. 2014) ............................................................................... 6

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984) ............. 7

*Hoffman v. Blaski*, 363 U.S. 335 (1960)................................................................ 15

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)........................................ 4

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000) .......................... 15

*King v. Am. Family Mut. Ins. Co.,* 632 F.3d 570  (9th Cir. 2011) ........................... 4

GALLAGHER &
KENNEDY, P.A.
ATTORNEYS AT LAW
PHOENIX

ii

*L&A Designs, LLC v. Xtreme ATVs, Inc.*, 860 F.Supp.2d 1196, 1199 (D. Or. 2012) 5

*Mavrix Photo, Inc. v. Brand Techs, Inc.,* 647 F.3d 1218 (9th Cir.2011) ................. 6

*Menken v. Emm*, 503 F.3d 1050 (9th Cir. 2007)..................................................... 11

*Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133 (9th Cir. 2004)........................... 13

*NationalEFT, Inc. v. Checkgateway, LLC*, 2013 WL 593759, at *3
   (S.D. Cal. 2013) .................................................................................................... 7

*NuboNau, Inc. v. NB Labs, Ltd.*, 2011 WL 5237566, at *1
   (S.D. Cal. Oct. 31, 2011)....................................................................................... 5

*Panavision Intern., L.P. v. Toepen*, 141 F.3d 1316 (9th Cir. 1998) ....................9, 10

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006) .................................... 3

*Piedmont Label Co. v. Sun Garden Packing*, 598 F. 2d 491, 496 (9th Cir. 1979).. 12

*Schwarzenneger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004)............. 4

*SDS Korea Co., Ltd. v. SDS USA, Inc.*, 732 F.Supp.2d 1062 (S.D. Cal. 2010) ........ 9

*Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988) ........................................... 15

*Vanleeuwen v. Keyuan Petrochemicals, Inc.*, CV 11-9495 PSG JCGX, 2013 WL
   2247394 (C.D. Cal. May 9, 2013) ....................................................................... 12

*Zeta-Jones v. Spice House*, 372 F. Supp. 2d 568 (C.D. Cal. 2005) ....................... 16

**Statutes**
28 U.S.C. § 1391(b) ................................................................................................. 13

28 U.S.C. § 1391(c)(2).............................................................................................. 13

28 U.S.C. § 1404....................................................................................... 14, 15, 17

28 U.S.C. § 1406........................................................................... 2, 12, 14, 17

28 U.S.C. § 1631......................................................................................... 14, 17

**Rules**
Cal. Code Civ. P. § 410.10 ........................................................................................ 3

Fed. R. Civ. 12(b)(3)..............................................................................................2, 17

Fed. R. Civ. P. 12(b)(2)..........................................................................................2, 17

Fed. R. Civ. P. 12(b)(3).................................................................................12, 13, 14

GALLAGHER &
KENNEDY, P.A.
ATTORNEYS AT LAW
PHOENIX

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

This case involves allegations of trademark infringement in connection with the sale of consumer goods. Most notably, for purposes of this motion, the Plaintiff Sky Billiards, Inc. ("Sky" or "Plaintiff") has sought to obtain an advantage by suing the Defendant Loong Star, Inc. ("Loong Star") in California – 1500 miles from Loong Star's only place of business in Topeka, Kansas. But jurisdiction over Loong Star is completely lacking. Thus, Loong Star respectfully requests that the Court dismiss the claims against it pursuant to Fed. R. Civ. P. 12(b)(2) (personal jurisdiction) or Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406 (improper venue), or alternatively transfer the case to the District of Kansas pursuant to 28 U.S.C. § 1406 (improper venue) or 28 U.S.C. §1404(a) (forum non conveniens).

## RELEVANT FACTS

Loong Star is a Kansas corporation that purchases goods from China and sells them in the U.S. via major nationwide retailers Amazon.com and eBay. (Declaration of April Liang ("Liang Dec."), filed concurrently herewith, ¶¶ 2-3, 14.) Loong Star is a small business with only seven employees, each of whom works in Loong Star's office in Topeka, Kansas ("Kansas Office"). (*Id.* at ¶¶ 4, 11, 31.) All of Loong Star's business operations and business records are located in the Kansas Office. (*Id.* at ¶¶ 5, 11.)

On or about April 21, 2014, Loong Star's Kansas attorney received correspondence from Plaintiff regarding Loong Star's allegedly infringing use of Plaintiff's trademarks. (Liang Dec. ¶ 8.) With the intention of promptly resolving the matter, and without admitting any liability, Loong Star immediately ceased all use of the allegedly infringing trademarks, and commenced all efforts necessary to ensure that all allegedly infringing information was removed from product postings by third party retailers Amazon.com and eBay. (*Id.* at ¶ 9.) All allegedly infringing content was removed from Amazon.com and eBay in or about early May 2014. (*Id.* at ¶ 10.) Now, in an apparent attempt to seek damages for past conduct, Plaintiff

GALLAGHER &
KENNEDY, P.A.
ATTORNEYS AT LAW
PHOENIX

- 1 -

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

sues Loong Star for the same alleged trademark infringement that was terminated in late April and early May 2014.  And rather than bringing this suit in the District of Kansas, the situs of Loong Star's sole business office, Plaintiff has chosen to sue Loong Star in the Central District of California.

But Loong Star has no offices or employees in California.  (Liang Dec. ¶¶ 2, 4, 6, 11, 31.)  Loong Star has no interest in, use of, or possession of real property located in California.  (*Id.* at ¶ 12.)  Loong Star does not provide any service in California.  (*Id.* at ¶ 14.)  Loong Star does direct any advertising or marketing to residents of California.  (*Id.* at ¶ 23.) The only Loong Star product that reaches California is product that California residents purchase via the websites provided by Amazon.com and eBay.  (*Id.*)  Aside from its relationship with nationwide retailers, Loong Star does not contract to supply goods or services to California.  (*Id.* at ¶¶ 15-16.)  Even though sales through the nationwide internet websites Amazon.com and eBay to California residents make up about 18% of total sales (*id.* at ¶ 22), Loong Star, which is not registered as a foreign entity authorized to do business in California or otherwise licensed to do business in California, has not sent anyone on travel to California to participate in any trade show or conference or solicit business (*id.* at ¶ 34).

Plus, Loong Star has no bank accounts or mailing addresses in California.  (Liang Dec. ¶ 24.)  Loong Star is not required to pay, nor does it pay, income or business taxes in California.  (*Id.* at ¶ 25.)  Loong Star does not contract to insure any person or risk located in California.  (*Id.* at ¶ 27.)  Loong Star has no designated agent for service of process within California.  (*Id.* at ¶ 26.)  Other than being named as a defendant in this lawsuit, Loong Star has not used the California court system as a litigant.  (*Id.* at ¶ 28.)  And the Summons and Complaint for this case were served on Loong Star in Topeka, Kansas.  (*Id.* at ¶29.)

GALLAGHER &
KENNEDY, P.A.
ATTORNEYS AT LAW
PHOENIX

- 2 -                                              5:14-CV-00921-JGB-SP
POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

## ARGUMENT

**1.** **The Court Lacks Personal Jurisdiction over Loong Star.**

Personal jurisdiction is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). California's long-arm statute permits a court to exercise jurisdiction "on any basis not inconsistent with the Constitution of this State or of the United States." Cal. Code Civ. P. § 410.10. Thus, the Court need only determine whether the assertion of personal jurisdiction over defendant violates due process. *Rocke v. Canadian Auto. Sport Club*, 660 F.2d 395, 398 (9th Cir. 1981). Personal jurisdiction over a non-resident defendant may be either general or specific.

> **A.** **Loong Star Does Not Have Substantial or Continuous and Systematic Contacts with California to Establish General Personal Jurisdiction.**

General jurisdiction arises when a defendant engages in "continuous and systematic general business contacts that approximate physical presence in the forum state." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074 (9th Cir. 2011) (internal citations omitted). "The standard is met only by 'continuous corporate operations within a state [that are] thought so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities.'" *King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 579 (9th Cir. 2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)). The standard for general jurisdiction "is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenneger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

GALLAGHER &
KENNEDY, P.A.
ATTORNEYS AT LAW
PHOENIX

- 3 -                                              5:14-CV-00921-JGB-SP

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1    Loong Star has nothing approaching the continuous and systematic contacts

2  with California that would give rise to general jurisdiction.  As set forth above,

3  Loong Star has no offices, employees, property, bank accounts, or the like, in

4  California.  (Liang Dec. ¶¶ 4-6, 11-12, 24.)

5    The only contact Loong Star has with California is the small portion of

6  Loong Star product that is purchased by California residents through nationwide

7  retailers Amazon.com and eBay. But placing products in the stream of commerce

8  via a nationwide retailer is not sufficient to give rise to general jurisdiction in

9  California.  The Supreme Court recently addressed this issue in *Goodyear Dunlop*

10  *Tires Operations, S.A. v. Brown*, 564 U.S. __, 131 S. Ct. 2846 (2011), wherein it

11  clarified that placing products in the stream of commerce is insufficient for general

12  personal jurisdiction, regardless of whether product reaches the forum state.

13    Similarly, Ninth Circuit courts have found that selling product via a

14  nationwide website like Amazon.com or eBay is not sufficient to give rise to

15  general jurisdiction:

16
17
18
19
20
21
22
23
24
25
26
> In examining business contacts with the forum state … a
> court must focus on the "economic reality" of a defendant's
> actions. … There is no indication that [defendant]
> specifically targeted California buyers on eBay; it is a
> national service. Although each of his sales may have
> necessitated contacts with the buyer, "[m]aking telephone
> calls and sending telexes and letters ... are not activities
> which support a finding of general jurisdiction."
> [Defendant] has employed the services of a company that
> happens to have its headquarters in California to reach a
> national audience, including … customers who also
> happened to reside in California. These activities, even
> taken together with [Defendant]'s other California contacts,
> fall well short of the "fairly high" threshold for general
> jurisdiction.

*Foster-Gwin v. Fallwell*, No. C01-03068-WHA, 2001 WL 1382069 (N.D. Cal.

27  Nov. 5, 2001) (unpublished opinion) (internal citations omitted).  *See also*

28

GALLAGHER &
KENNEDY, P.A.
ATTORNEYS AT LAW
PHOENIX

- 4 -                                    5:14-CV-00921-JGB-SP

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

*NuboNau, Inc. v. NB Labs, Ltd.*, 2011 WL 5237566, at *1 (S.D. Cal. Oct. 31, 2011) (In a trademark suit regarding a retail website available worldwide and not directed specifically to California, the Court stated "it is hard to see how general personal jurisdiction could ever be established here."); *L&A Designs, LLC v. Xtreme ATVs, Inc.*, 860 F.Supp.2d 1196, 1199 (D. Or. 2012) (The fact that defendant operated an allegedly infringing website available to residents of Oregon and made numerous sales to residents of Oregon via eBay was insufficient to find general personal jurisdiction over the defendant in Oregon); *see also Comfort Heat Systems, LLC v. Royall Mfg., Inc.*, 2009 WL 313443, at *3 (D. Minn. Feb. 6, 2009) (sales into forum state via eBay are insufficient to give rise to general personal jurisdiction).

The reason for this rests in fundamental fairness.  The Ninth Circuit distinguishes doing business in a forum state, which establishes general personal jurisdiction, and doing business with a forum state, which does not.  *Gurglepot, Inc. v. New Shreve, Crump & Low LLC*, 2014 WL 2744283, at *3 (W.D. Wash. 2014) (citing *Mavrix Photo, Inc. v. Brand Techs, Inc.,* 647 F.3d 1218 (9th Cir.2011)).  It is for this reason that even if items are sold to a business is conducted with forum residents, "engaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders. *Id.* (quoting *Bancroft & Masters, Inc. v. Augusta Nat., Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000)).   Indeed, to find otherwise would mean that any company or individual that sells products through a nationwide retail website, can be haled into court in any state in the country.

Notably, the Ninth Circuit has also held that contracting to do business with eBay, a company headquartered in California, is insufficient to give rise to general personal jurisdiction:

> If repeated contracting, no matter what for, with a forum-state company was enough to confer general jurisdiction, then every frequent flier could be hauled into court in their

GALLAGHER &
KENNEDY, P.A.
ATTORNEYS AT LAW
PHOENIX

- 5 -                                          5:14-CV-00921-JGB-SP

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

airline's home state to answer for any and all causes of action, since they had repeatedly "contracted" for tickets. Furthermore, [Defendant] undoubtedly placed little if any weight on the location of eBay's headquarters when he accepted the user agreement. Indeed, the very purpose of the eBay service is to remove spatial constraints on shopping and to provide an affordable national marketplace for low-cost goods. The fact that he contracted with eBay, by itself, cannot connote general jurisdiction ….

*Foster-Gwin,* 2001 WL 1382069 at *4 (unpublished opinion); *see also Boschetto v. Hansing*, 539 F.3d 1011, 1017-18 (9th Cir. 2008) (declining to exercise jurisdiction over defendant in California, despite the defendant's relationship with eBay). Like the defendant in *Foster-Gwin*, Loong Star placed no weight on the location of eBay's headquarters when it signed up to conduct business via eBay. (Liang Dec. ¶¶ 10, 14-15, 35.) As such, the location is of little significance for purposes of jurisdiction. *See also Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416-17 (1984) (holding that a defendant's cashing of checks on a Texas bank was not enough to confer general jurisdiction in that state since the bank's location was unimportant to defendant).

Loong Star, despite any internet presence, is a small Kansas company with neither actual nor constructive physical presence in California. *NationalEFT, Inc. v. Checkgateway, LLC*, 2013 WL 593759, at *3 (S.D. Cal. 2013). Thus, Loong Star should not expect to be hauled to court in California for activities anywhere in the world.

**B.    Loong Star Does Not Have Sufficient Contacts with California to Establish Specific Personal Jurisdiction.**

Specific personal jurisdiction arises when "(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum,

(2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2002). Here, Loong Star does not have sufficient minimum contacts with California, and the claims at issue do not arise from any activity that took place in or was directed to California.

### i.   *Loong Star Did Not Purposefully Direct Any Activities to California.*

In cases involving alleged tortious conduct, such as trademark infringement, the Court must apply the "*Calder* effects test," which derives from the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984). In order to find purposeful availment, *Calder* requires that the defendant allegedly (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm that the defendant knew was likely to be suffered in the forum state. *Id.*

The mere fact that alleged infringement reaches the forum state via a website is insufficient to satisfy *Calder*. To find that conduct by a nonresident defendant satisfies *Calder*, the Ninth Circuit requires "something more" that demonstrates defendant directed its activity *to the forum state* in a substantial way, and not in a generalized way via the internet. *SDS Korea Co., Ltd. v. SDS USA, Inc.,* 732 F. Supp. 2d 1062, 1079 (S.D. Cal. 2010) ("Although Advanced Die Supplies has a California location, SDS USA's placement of its logo on the company's website, which is accessible nationwide, does not establish SDS USA was specifically seeking business from California. SDS USA's mere presence on a website that is accessible nationwide does establish personal jurisdiction in California.") (citing *CollegeSource, Inc.*, 2009 WL 2705426, at *5-6, and *Cybersell, Inc. v. Cybersell, Inc.,* 130 F.3d 414, 419 (9th Cir. 1997).

For example, in *Cybersell*, the Ninth Circuit found that trademark infringement occurring on the Internet is not enough to subject the defendant to

GALLAGHER &
KENNEDY, P.A.
ATTORNEYS AT LAW
PHOENIX

- 7 -                                    5:14-CV-00921-JGB-SP

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

personal jurisdiction in the plaintiff's forum state.  130 F.3d at 418-19 (there must be "'something more' to indicate that the defendant purposefully (albeit electronically) directed his activity in a substantial way to the forum state."); *see also Boschetto*, 539 F.3d 1011 ("eBay acted not as a 'distribution center' but rather as a virtual forum for the exchange of goods … so the eBay seller does not purposefully avail himself of the privilege of doing business in a forum state absent some additional conduct directed at the forum state"); *Facebook, Inc. v. Pedersen*, 868 F.Supp.2d 953, 959 (N.D. Cal. 2012) (defendant's registration of a domain name that infringed Facebook's trademark was not an action expressly aimed at the forum state, and the "something more" requirement was not met); *SDS*, 732 F. Supp. 2d at 1079 (declining to find jurisdiction, court found the evidence did "not establish [defendant] was specifically seeking business from California. [Defendant's] mere presence on a website that is accessible nationwide does not establish personal jurisdiction in California."); *compare Panavision Intern., L.P. v. Toepen*, 141 F.3d 1316, 1322 (9th Cir. 1998) (finding that when nonresident defendant registered plaintiff's trademark as his domain name, the "something more" requirement was met because the purpose of the defendant's conduct was to extort money from the plaintiff).

Moreover, Loong Star and its principals were entirely unaware of Plaintiff (and Plaintiff's location in California) prior to the receipt of the demand letter from Plaintiff's counsel on April 21, 2014.  (Liang Dec. ¶¶ 8, 37.)  The only (and very tenuous) contention to California are sales initiated by California consumers through Amazon.com and eBay, but contacts arising from such unilateral actions of third parties not directly attributable to Loong Star could not justify to exercise of specific jurisdiction or else any business similarly situated to Loong Star would be subjected to nationwide jurisdiction simply by dint of doing business with a company that does business nationwide (here, Amazon.com and eBay).  *Dex Prods., Inc. v. Houghteling*, 2006 WL 1751903, at *4 (N.D. Cal. 2006) ("[T]he

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

GALLAGHER & KENNEDY, P.A.
ATTORNEYS AT LAW
PHOENIX

1   Supreme Court has made clear that contacts resulting from 'the unilateral activity of
2   another party or third person' are no attributable to a defendant' [or else it] would
3   subject a defendant to nationwide personal jurisdiction if [defendant] decides to do
4   business with a company that does business nationwide"). As such, Plaintiff cannot
5   meet its burden of demonstrating that the alleged conduct was expressly aimed at
6   the forum state, and that the defendant knew harm was likely to be suffered there.

### ii.    The Claims in this Action Do Not Arise Out of or Relate to Loong Star's Activity in California.

9       Plaintiff must also establish that its claims arise out of or result from the
10  defendant's forum-related activities. This element is established if the plaintiffs
11  would not have been injured "but for" the defendant's activities. *See Panavision,*
12  141 F.3d at 1322; *Ballard v. Savage,* 65 F.3d 1495, 1500 (9th Cir.1995). Activities
13  that are "too attenuated" do not satisfy the but-for test. *Doe v. American Nat'l Red*
14  *Cross,* 112 F.3d 1048, 1051 (9th Cir. 1997).

15      As discussed above, Loong Star sells products to via the internet to residents
16  in all fifty states. Plaintiff's claims are allegedly based on Loong Star's prior
17  product descriptions,[1] which were made available to anyone and everyone with an
18  Internet connection. Loong Star has not made any product available specifically to
19  residents of California. (Liang Dec. ¶¶ 3, 14-16.) Similarly, Loong Star has not
20  directed any advertising or marketing materials specifically at California. (Liang
21  Dec. ¶¶ 14, 23.) As such, Plaintiff's claims could not possibly arise out of any
22  activity directed to California. (*See id.* at ¶¶ 33 [products implicated in Plaintiff's
23  allegations regarding trademark infringement manufactured not in California but
24  China], 14 [products reaching California do so not directly from Loong Star but
25  indirectly from Loong Star, with direct sales and shipment from Amazon.com and

---

[1] The allegedly infringing material was removed, without admission of liability, in
27  late April and early May 2014, shortly after Loong Star received a demand letter
28  from Plaintiff. (Liang Dec. ¶¶ 9-10.)

GALLAGHER &
KENNEDY, P.A.
ATTORNEYS AT LAW
PHOENIX

- 9 -                                    5:14-CV-00921-JGB-SP

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1   eBay].)

2   Moreover, Plaintiff has not and cannot reasonably assert that it would not

3   have been injured but for the sales Loong Star made to residents of California.  To

4   the contrary, both companies conduct business exclusively over the Internet, and

5   Plaintiff's allegations indicate that it is allegedly injured to equal extent by *each* of

6   Loong Star's sales, regardless of the customer's location.  *See, e.g., CollegeSource,*

7   *Inc.*, 2009 WL 2705426 at *6-7 ("To satisfy th[e] second prong, the Ninth Circuit

8   requires a plaintiff to show that [it] would not have suffered an injury "but for" the

9   defendant's forum-related conduct.") (citing *Menken v. Emm,* 503 F.3d 1050, 1058

10  (9th Cir. 2007)).

11
          ###   iii.   *The Exercise of Personal Jurisdiction over Loong Star Would*
12              *be Unreasonable.*

13  Finally, the exercise of specific personal jurisdiction must be reasonable in

14  that it must comport with fair play and substantial justice.  The inquiry into

15  reasonableness implicates seven factors: (1) the extent of a defendant's purposeful

16  interjection, (2) the burden on the defendant in defending in the forum, (3) the

17  extent of conflict with the sovereignty of the defendant's state, (4) the forum state's

18  interest in adjudicating the dispute, (5) the most efficient judicial resolution of the

19  controversy, (6) the importance of the forum to the plaintiff's interest in convenient

20  and effective relief, and (7) the existence of an alternative forum.  *Burger King v.*

21  *Rudzewicz*, 471 U.S. 462, 476-77 (1985); *FDIC v. British-American Ins. Co., Ltd.*,

22  828 F.2d 1439 (9th Cir. 1998).  No single factor is dispositive.  Instead, the court

23  must balance all seven.  *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482,

24  1488 (9th Cir. 1993).

25  The first factor, purposeful interjection, strongly favors Loong Star. For the

26  reasons set forth above, Loong Star's contacts with California are *at best*

27  attenuated.  The second factor, burden on the defendant, also strongly favors Loong

28

GALLAGHER &
KENNEDY, P.A.
ATTORNEYS AT LAW
PHOENIX

- 10 -                           5:14-CV-00921-JGB-SP

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Star, as the relevant documents and witnesses are located in Kansas (with the exception of one potential witness located in China).  (Liang Dec. ¶¶ 4-6, 31-32.) Similarly, in evaluating the fifth factor, efficient judicial resolution, the Ninth Circuit has looked primarily at where the witnesses and the evidence are likely to be located.  *Core-Vent Corp.,* 11 F.3d at 1489.  Here, again, the witnesses, including a third party witness (Loong Star's accountant), and the evidence are located almost exclusively in Kansas.  (*Id.*) The seventh factor, existence of an alternative forum, clearly favors Loong Star.  Kansas is an appropriate alternative forum where both general jurisdiction over Loong Star exists (*e.g., id.* at ¶ 2) and venue are proper.

Factors three and four, conflict of sovereignty and the forum's interest in adjudicating the dispute, are neutral in the analysis, as both California and Kansas courts are capable of applying federal trademark law, and because both states have an interest in adjudicating disputes involving their citizens.

The only factor that arguably favors Plaintiff is six, the plaintiff's interest in convenient and effective relief.  But Plaintiff can undoubtedly obtain effective relief in the District of Kansas where Loong Star undoubtedly is subject to that court's exercise of general personal jurisdiction).  Plus, courts have given little weight to minor inconveniences suffered by the Plaintiff.  *Core-Vent*, 11 F.3d at 1490 (exercise of personal jurisdiction held unreasonable despite the inconvenience and expense plaintiff would encounter bringing suit against defendant in Sweden); *Foster-Gwin*, 2011 WL 1382096 at *7 ("this factor is not given great weight").

Here, the balancing of factors clearly demonstrates that exercise of jurisdiction over Loong Star would not comport with fair play and substantial justice and would therefore be unreasonable.

## 2.   <u>The Action Should be Dismissed for Improper Venue.</u>

Loong Star alternatively moves this Court to dismiss this action for improper

GALLAGHER & KENNEDY, P.A.
ATTORNEYS AT LAW
PHOENIX

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406.  Plaintiff has the burden of providing that venue is proper in the district in which the suit was initiated.  *Vanleeuwen v. Keyuan Petrochemicals, Inc.*, CV 11-9495 PSG JCGX, 2013 WL 2247394 (C.D. Cal. May 9, 2013) (citing *Piedmont Label Co. v. Sun Garden Packing*, 598 F. 2d 491, 496 (9th Cir. 1979)).  When venue is challenged, the pleadings need not be accepted as true, and the district court may consider facts outside of the pleadings.  Fed. R. Civ. P. 12(b)(3); *Murphy v. Schneider Nat'l, Inc*., 362 F.3d 1133, 1137 (9th Cir. 2004).  In a Lanham Act case, venue is proper when brought in (1) a judicial district where any defendant resides, (2) a judicial district in which a substantial part of the event or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found.  *See* 28 U.S.C. § 1391(b)(1)-(3); *and see Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577 (2013).  A corporate defendant, like Loong Star, "is deemed to reside…in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question..."  28 U.S.C. § 1391(c)(2).  If a court finds venue to be improper, it is within the trial court's discretion to dismiss the case or transfer it.  *Atl. Marine Const.*, 134 S. Ct. at 577.

Here, Loong Star is a Kansas corporation (Liang Dec. ¶ 2), and a resident of Kansas with its only office in the Topeka, Kansas (*id.*), such that under the first prong of the statute, the District of Kansas, not the Central District of California, would be the proper venue.  28 U.S.C. § 1391(b)(1).  Moreover, Loong Star, whose only U.S. office is found in the District of Kansas (*id.*), can be "found" in that district under the third prong.  28 U.S.C. § 1391(b)(3).  With respect to the second prong, there is no evidence that any part of the alleged events or omissions giving rise to Plaintiff's claim occurred in California (*id.* at ¶¶ 4, 6, 14-16).  28 U.S.C. § 1391(b)(2).  Indeed, Loong Star has no meaningful connection with the state of California.

GALLAGHER & KENNEDY, P.A. ATTORNEYS AT LAW PHOENIX

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Perhaps most importantly, for the reasons set forth above, this Court does not have personal jurisdiction over Loong Star.  Given that (i) Loong Star is not a resident of California but rather Kansas, (ii) the absence of any Loong Star-California connection or connection between California and the alleged acts giving rise to the claims, and (iii) the want of jurisdiction over Loong Star in the Central District of California, the Court should dismiss the Complaint for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a).

**3.      If Not Dismissed, This Action Should Be Transferred to the District of Kansas.**

      **A.      This Case Should Be Transferred to the District of Kansas for Improper Venue.**

As an alternative to dismissal, the Court may, in the interests of justice and pursuant to 28 U.S.C. § 1406(a), transfer this action if the venue is improper. *Atl. Marine*, 134 S. Ct. at 577.  This Court may also transfer the action pursuant to 28 U.S.C. § 1631, which provides in pertinent part that "[w]henever a civil action is filed…and that court finds that there is a want of jurisdiction, that court shall, if it is in the interests of justice, transfer such action….to any such court in which the action…could have been brought at the time it was filed or notice…" *See Clark v. Busey*, 959 F.2d 808, 812 (9th Cir. 1992).

Venue is improper in the Central District of California.  But venue is proper in the District of Kansas, where Loong Star, a Kansas corporation, (i) is subject to personal jurisdiction, (ii) maintains its offices and documents, and (iii) operates nearly all of its business interests.  (Liang Dec. at ¶¶ 2, 4-6, 31-32.)  As such, if this Court determines that transfer would be in the interests of justice, this action should be transferred to the District of Kansas pursuant to 28 U.S.C. § 1406(a) and/or 28 U.S.C. § 1631.  *Atl. Marine*, 134 S. Ct. at 577.

GALLAGHER &
KENNEDY, P.A.
ATTORNEYS AT LAW
PHOENIX

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.      This Case Should Be Transferred to the District of Kansas for the Convenience of the Parties, Convenience of the Witnesses, and in the Interests of Justice.**

Even if the Court finds that the venue is proper in this judicial district and that Loong Star is subject to the personal jurisdiction of this Court, Loong Star moves, pursuant to 28 U.S.C. § 1404, to transfer venue for the convenience of the parties and witnesses, and interests of justice.  In determining whether to transfer a case under § 1404, a court must first determine whether the action might "have been brought" in the transferee district.  *Commercial Lighting Products, Inc. v. U.S. Dist. Court*, 537 F.2d 1078, 1079 (9th Cir. 1976) (citing *Hoffman v. Blaski*, 363 U.S. 335 (1960).

This action could have, and should have, been brought in the District of Kansas.  Loong Star is a Kansas corporation (Liang Dec. ¶ 2), and Loong Star's office, employees, and documents are found in or reside in or around the District of Kansas.  (*Id.* at ¶¶ 2, 4-6, 31-32.)  Loong Star is registered to do business in Kansas, has its principal place of business in Topeka, Kansas, and is therefore subject to personal jurisdiction in the District of Kansas.  This case would be proper in the District of Kansas.

Next, in weighing the public and private interests to determine the propriety of transfer under 28 U.S.C. § 1404, a court should consider the (i) convenience of the parties, (ii) the convenience of the witnesses, and (iii) the interests of justice. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F. 2d 834, 843 (9th Cir. 1986). Courts may consider (1) the location where the relevant agreements were negotiated; (2) these most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the parties' contacts with the forum state; (5) events related to the cause of action that took place in the forum state; (6) the differences in cost of litigation between two forums; (7) the availability of compulsory process for non-party witnesses; and (8) ease of access to sources of proof. *Jones v. GNC*

- 14 -

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

*Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (citing *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 29-31 (1988)).

Here, analysis of all eight factors weighs in favor of transfer.  With regard to factor one, there are no agreements between the parties.  For factor two, the District of Kansas is equally familiar with federal trademark, counterfeiting, and unfair competition claims.  As to the third and fourth factors, Plaintiff clearly chose California because it is most convenient to them.  But Loong Star has negligible contact with the Central District of California.  And because Loong Star is a small company with few employees, forcing Loong Star to defend itself in this District, a location remote from its day-to-day operations, would impose a significant burden. (Liang Dec. ¶¶ 4, 30-32.)  Notably, Plaintiff's only basis for arguing venue is proper in California is Loong Star's indirect online retail sales made not through Loong Star's own website but rather third party hosted websites Amazon.com and eBay.  (*Id.* at ¶¶ 10, 14, 35.)  But such online activity is insufficient to negate transfer.  *See, e.g., Zeta-Jones v. Spice House*, 372 F. Supp. 2d 568, 576 (C.D. Cal. 2005) (court transferred case against Nevada website operator from C.D. Cal. to D. Nev. because Nevada was most convenient for witnesses and it was the location of most relevant evidence, despite arguments that the photograph at issue was visible in California through an interactive website).

Regarding the sixth factor, in addition to the business hardships and opportunity costs that would be lost by Loong Star if its personnel were tied up in litigation in a remote forum, Loong Star would also have to incur the significant out-of-pocket costs associated with litigating in a court across the county.  With the exception of one witness based in China, all witnesses reside in and around the District of Kansas (Liang Dec. ¶¶ 4, 6, 32) and, to the extent necessary, compulsory process is more readily available in the District of Kansas.  *See* Fed. R. Civ. P. 45(c) (court's subpoena power extends 100 miles).  Finally, transferring the case to Kansas would provide for the ease of access to sources of proof because the District

GALLAGHER &
KENNEDY, P.A.
ATTORNEYS AT LAW
PHOENIX

- 15 -                                    5:14-CV-00921-JGB-SP

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

of Kansas is where Loong Star's corporate records and witnesses can be found.

In sum, transfer to the District of Kansas is (i) significantly more convenient for Loong Star, particularly given the location of its office, day-to-day business operations, and business records, (ii) significantly more convenient for Loong Star's witnesses, and (iii) would serve the interests of justice, in part, by sparing Loong Star the significant burden of defending these claims (which are directed to alleged conduct that ceased months ago) in the Central District of California. In contrast, transfer to the District of Kansas would impose only minimal inconvenience on Plaintiff, which will have a comparatively small amount of evidence, and likely only one witness. The multi-factor analysis clearly favors transfer.

## **CONCLUSION**

For all of the foregoing reasons, Loong Star respectfully requests that this Court enter an Order:

- Dismissing the action for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), or dismissing the action for improper venue pursuant to Fed. R. Civ. 12(b)(3) and 28 U.S.C. § 1406; or alternatively

- Transferring the action to the District of Kansas for improper venue pursuant to 28 U.S.C. § 1406 and/or 28 U.S.C. § 1631, or transferring the action to the District of Kansas for the convenience of the parties, convenience of the witnesses, and interest of justice pursuant to 28 U.S.C. § 1404.

GALLAGHER &
KENNEDY, P.A.
ATTORNEYS AT LAW
PHOENIX

5:14-CV-00921-JGB-SP

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1

Dated:  July 11, 2014

MANION GAYNOR & MANNING
LLP

2

3

4

By:  */s/ Dustin C. Beckley*

5

Dustin C. Beckley (California Bar No.
238692)

6

7

Kenneth M. Motolenich-Salas (*pro hac
vice* application pending)

8

GALLAGHER & KENNEDY, P.A.

9

10

Attorneys for Defendants
Loong Star, Inc. and Wenji Dong

11

12

13

4313503v1/24887-0001

14

15

16

17

18

19

20

21

22

23

24

25

26

27

GALLAGHER &
KENNEDY, P.A.
ATTORNEYS AT LAW
PHOENIX

28

- 17 -

5:14-CV-00921-JGB-SP

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

**PROOF OF SERVICE**

*Sky Billiards, Inc. v. Loong Star, Inc., et al.*
Case No.: 5:14-cv-00921-JGB-SP

I, Mitch Benson, declare and state:

That I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen (18) and not a party to the within action; my business address is 444 So. Flower Street, Suite 2150, Los Angeles, California 90071.

On July 11, 2014, I served the following documents described as:

**LOONG STAR INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY TRANSFER VENUE**

on all interested parties in this action as follows:

(X)    **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the *CM/ECF* system. Participants in the case who are registered *CM/ECF* users will be served by the *CM/ECF* system.  Participants in the case who are not registered *CM/ECF* users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the            foregoing is true and correct.

Executed on July 11, 2014, in Los Angeles, California.


_____
Mitch Benson