Dustin Beckley (CA Bar Number 238692)
Manion Gaynor & Manning LLP
DBeckley@mgmlaw.com
444 South Flower Street, Suite 2150
Los Angeles, CA 90071
Telephone:  (213) 622-7300
Facsimile:   (213) 622-7313

Gallagher & Kennedy, P.A.
Kenneth M. Motolenich-Salas *(Pro Hac Vice)*
ken.motolenich@gknet.com
2575 East Camelback Road
Phoenix, Arizona  85016-9225
Telephone:  (602) 530-8000
Facsimile:   (602) 530-8500

Attorneys for Defendants
Loong Star, Inc. and Wenji Dong

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| SKY BILLIARDS, INC., <br><br>            Plaintiff, <br><br>    v. <br><br> LOONG STAR, INC., a Kansas corporation; WENJI DONG, an individual, and DOES 1 through 10, inclusive, <br><br>            Defendants. | Case No. 5:14-cv-00921-JGB-SP <br><br> **DECLARATION OF APRIL LIANG IN SUPPORT OF LOONG STAR'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY TO TRANSFER VENUE** |

I, APRIL LIANG, declare as follows:

    1.    I am over 18 years old and I am the Director of Loong Star, Inc. ("Loong Star").  I have personal knowledge of the facts set forth herein and could and would testify competently thereto if called as a witness.  I make this Declaration in support of LOONG STAR'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY TO TRANSFER VENUE.

    2.    Loong Star is a corporation organized and existing under the laws of

the State of Kansas, with a principal place of business located at 929 SW University Boulevard, Topeka , Kansas, 66619 ("Kansas Office").  The Kansas Office is Loong Star's only U.S. office.

3. Loong Star is in the business of importing various consumer products from China and selling them throughout the United States.

4. Loong Star has seven employees, all of whom work out of its Kansas Office.

5. All of Loong Star's business documents and records are located in its Kansas Office.

6. Loong Star's employees conduct day-to-day business operations from the Kansas Office.

7. As the Director of Loong Star, I am responsible for supervising employees, addressing customer issues, managing accounts, and handling equipment maintenance and warehouse operations, among other things.

8. On or about April 21, 2014, Loong Star's Kansas attorney received correspondence from Sky Billiards, Inc. regarding alleged trademark infringement.  A true and correct copy of that correspondence is attached hereto as Exhibit A.

9. Upon receiving the correspondence, Loong Star, without admitting any liability, immediately took efforts to cease all use of the allegedly infringing trademark addressed in the correspondence.

10. Throughout late April and early May, 2014, Loong Star also took steps to remove the allegedly infringing trademarks from any Amazon and eBay listing for Loong Star products.  The last of the allegedly infringing content was removed as of early May, 2014.

11. Loong Star has no offices or employees in California.

12. Loong Star has no interest in, use of, or possession of real property located in California.

13. Loong Star is not registered as a foreign entity authorized to do

business in California, or otherwise licensed to do business in California.

14. Loong Star does not provide any service in California, or market or provide any product direct to residents of California. The only Loong Star product that reaches California is product that California residents purchase via the websites provided by Amazon and eBay.

15. Aside from filling orders placed through the Amazon and eBay websites, Loong Star does not ship product to California.

16. Aside from its relationship with nationwide retailers Amazon and eBay, Loong Star does not contract to supply goods or services to California.

17. I am responsible for overseeing sales information on behalf of Loong Star.

18. As such, I am familiar with the manner and method by which product sales information is maintained.

19. Such information is kept by me or on my behalf in the ordinary course of Loong Star's business, and records of such sales are made on a periodic basis at or near the time of consummated sales by me or others on my behalf with knowledge of the sales.

20. It is Loong Star's regular practice to keep records of sales made in the course of business.

21. Prior to the filing of this lawsuit, Loong Star's total sales to California residents (for all products, including those not at issue in this lawsuit) was approximately $34,000.00.

22. The percentage of sales made to California residents was approximately 18% of Loong Star's total sales.

23. Loong Star does not direct any advertising or marketing materials to California.

24. Loong Star has no bank accounts or mailing address in California.

25. Loong Star is not required to pay income or business taxes in

1  California.

2  26.   Loong Star has no designated agent for service of process within
3  California.

4  27.   Loong Star does not contract to insure any person or risk located in
5  California.

6  28.   Loong Star has not used the California court system as a litigant other
7  than being named as a defendant in this lawsuit.

8  29.   Loong Star was served with the Summons and Complaint in this action
9  in Topeka, Kansas.

10  30.   Defending this lawsuit in California would be a significant
11  inconvenience and considerable expense to Loong Star.

12  31.   All Loong Star employees with knowledge of facts which may be
13  relevant to this action reside in Kansas.

14  32.   Loong Star's third party accountant, which maintains much of Loong
15  Star's financial information, is in St. Louis, Missouri.

16  33.   The products implicated in plaintiff's allegations regarding trademark
17  infringement were manufactured in China, not California.

18  34.   No one has traveled to California on Loong Star's behalf to participate
19  in any trade show or conference or to solicit business in California.

20  35.   The fact that eBay, Inc. is headquartered in California had no bearing
21  whatsoever on Loong Star's decision to use eBay as a venue to conduct Loong
22  Star's business.  Loong Star would do use eBay as a venue to conduct Loong Star's
23  business regardless of where eBay's headquarters were located.

24  36.   To the extent there was any trademark infringement as alleged in the
25  Complaint, such trademark infringement was unintentional.

26  37.   Prior to receiving the correspondence from Plaintiff on April 21, 2014,
27  Loong Star was unacquainted, unfamiliar with, and completely unaware of plaintiff
28  Sky Billiards, Inc., and was unaware that Sky Billiards, Inc. is located in California.

1     I declare under penalty of perjury that I have read the foregoing Declaration
2 and the facts stated in it are true and correct.
3     Executed on this 10th day of July, 2014 in Topeka, Kansas.

*[signature]*
April Liang

4284172v1/24887-0001

# EXHIBIT A

# LAW OFFICE OF
# KEVIN M. WELCH

April 15, 2014



APR 2 1 2014

ALDERSON, ALDERSON, WEILER
CONKLIN, BURGHART & CROW, L.L.C.

**_FIRST CLASS U.S. MAIL_**

Alderson, Alderson, Weiler,
Conklin, Burghart & Crow, L.L.C.
Attn: Nicholas Jefferson, Esq.
2101 SW 21st Street
Topeka, KS 66604-3174

Re:  Intellectual Property Violations- Loong Star, Inc.
     Our Reference: SKYEN-L8650

Dear Mr. Jefferson:

Please be advised that our law firm represents Sky Billiards, Inc. ("Sky") with respect to certain intellectual property matters. It has come to our attention that your client Loong Star, Inc. ("LSI") has been offering for sale several items under Sky's trademarks, SKY ENTERPRISE USA and BEST CHOICE PRODUCTS, without Sky's authorization or consent. LSI's behavior appears to be a willful and bad faith attempt to profit off Sky's goodwill as LSI has intentionally created a false affiliation, connection, or association between LSI and Sky.

Such behavior constitutes trademark infringement, unfair competition, false designation of origin, and counterfeiting, all of which are violations of both state and federal law. The Lanham Act, 15 U.S.C. § 1051, et seq., provides numerous remedies for such violations, including but not limited to, preliminary and permanent injunctive relief, money damages (up to $2,000,000 for a _willful_ violation), regurgitation of profits, and awards of attorneys' fees and costs up to treble actual damages.

Accordingly, demand is hereby made that Loong Star, Inc. immediately cease and desist any and all sales of items under the trademarks SKY ENTERPRISE USA and BEST CHOICE PRODUCTS and deliver an accounting of all items sold to date so that my client may determine appropriate monetary damages due. It is my client's preference that this matter be resolved amicably; however, if I do not receive an accounting and written confirmation of your compliance with this demand prior to the close of business on Friday, May 2, 2014, I have been instructed to file a complaint in United States federal court.

Best regards,

LAW OFFICE OF KEVIN M. WELCH

Kevin M. Welch

---

Tel: (310) 929-0553          P.O. Box 494                Kevin@kmwlawoffice.com
Fax: (310) 698-1626          Hermosa Beach, CA 90254

# PROOF OF SERVICE

*Sky Billiards, Inc. v. Loong Star, Inc., et al.*
Case No.: 5:14-cv-00921-JGB-SP

I, Mitch Benson, declare and state:

That I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action; my business address is 444 So. Flower Street, Suite 2150, Los Angeles, California 90071.

On July 11, 2014, I served the following documents described as:

**DECLARATION OF APRIL LIANG IN SUPPORT OF LOONG STAR'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY TO TRANSFER VENUE**

on all interested parties in this action as follows:

(X) **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the *CM/ECF* system. Participants in the case who are registered *CM/ECF* users will be served by the *CM/ECF* system. Participants in the case who are not registered *CM/ECF* users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 11, 2014, in Los Angeles, California.

_____
Mitch Benson