Dustin Beckley (CA Bar Number 238692)
Manion Gaynor & Manning LLP
DBeckley@mgmlaw.com
444 South Flower Street, Suite 2150
Los Angeles, CA 90071
Telephone:  (213) 622-7300
Facsimile:   (213) 622-7313

Gallagher & Kennedy, P.A.
Kenneth M. Motolenich-Salas *(Pro Hac Vice)*
ken.motolenich@gknet.com
2575 East Camelback Road
Phoenix, Arizona  85016-9225
Telephone:  (602) 530-8000
Facsimile:   (602) 530-8500

Attorneys for Defendants
Loong Star, Inc. and Wenji Dong

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| SKY BILLIARDS, INC., <br><br> Plaintiff, <br><br> v. <br><br> LOONG STAR, INC., a Kansas corporation; WENJI DONG, an individual, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 5:14-cv-00921-JGB-SP <br><br> **LOONG STAR, INC. AND WENJI DONG'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY TRANSFER VENUE** <br><br> Date: September 8, 2014 <br> Time: 9:00 am <br> Judge: Hon. Jesus G. Bernal <br> Courtroom: 1 (Riverside) <br> Date Action Filed:  May 8, 2014 |

Defendants Loong Star, Inc. ("Loong Star") and Wenji Dong ("Mr. Dong" together with Loong Star, the "Defendants"), by and through undersigned counsel, file their Reply in support of each *Motion to Dismiss for Lack of Personal Jurisdiction, or Alternatively Transfer Venue* (Dkt. #14, #15) (collectively, the

GALLAGHER & KENNEDY, P.A.
ATTORNEYS AT LAW
PHOENIX

"Motions"). Plaintiff Sky Billiards, Inc.'s ("Sky" or "Plaintiff") Response (Dkt. #17) (the "Response") claims that Defendants have sufficient contacts with California to find both general and specific jurisdiction. However, Plaintiff's justification for its position is little more than conjecture and inferences, without supporting case law or facts. Plaintiff correctly acknowledges that it is their burden to demonstrate that the Court has personal jurisdiction. But the Response falls well-short of the Ninth Circuit requirements. Plaintiff also barely acknowledges, and fails to meaningfully controvert, the Defendants' arguments that venue is improper. Accordingly, the Complaint should be dismissed. Alternatively, if the Court does not dismiss the action, it should be immediately transferred to the District of Kansas.

## ARGUMENT

### 1. Plaintiff Failed To Demonstrate That Loong Star And Mr. Dong Have Continuous And Systematic Contacts To Establish General Jurisdiction.

As noted in Loong Star's Motion and acknowledged in the Response, general jurisdiction arises when a defendant engages in "continuous and systematic general business contacts that approximate physical presence in the forum state." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074 (9th Cir. 2011) (internal citations omitted). Loong Star's Motion presented Ninth Circuit case law holding that selling product via a nationwide website like Amazon.com or eBay is not sufficient to give rise to general jurisdiction. *See Foster-Gwin v. Fallwell*, No. C01-03068-WHA, 2001 WL 1382069 (N.D. Cal. Nov. 5, 2001) (unpublished opinion) (internal citations omitted); *see also NuboNau, Inc. v. NB Labs, Ltd.*, 2011 WL 5237566, at *1 (S.D. Cal. Oct. 31, 2011); *L&A Designs, LLC v. Xtreme ATVs, Inc.*, 860 F.Supp.2d 1196, 1199 (D. Or. 2012). The Response, however, does not

GALLAGHER & KENNEDY, P.A.
ATTORNEYS AT LAW
PHOENIX

refute the Ninth Circuit case law, or compare the facts at issue here to any case law whatsoever, Ninth Circuit or otherwise.  Instead, Plaintiff's argument is more akin to "it is because we say it is" and simply states its opinion as an unsupported legal conclusion.  The Response's thin attempt at finding general jurisdiction ignores the fact that Loong Star has no offices, employees, property, bank accounts, or the like in California.  (Liang Declaration filed in support of Motion, ¶¶ 4-6, 11-12, 24.)

The Response relies entirely on a small portion of Loong Star's sales to justify general jurisdiction, but, as pointed out in the Motions, the Ninth Circuit distinguishes doing business *in a* forum state, which establishes general personal jurisdiction, and doing business *with a* forum state, which does not.  *See Gurglepot, Inc. v. New Shreve, Crump & Low LLC*, 2014 WL 2744283, at *3 (W.D. Wash. June 17, 2014) (citing *Mavrix Photo, Inc. v. Brand Techs, Inc.,* 647 F.3d 1218 (9th Cir. 2011)).  If the Court were to accept Plaintiff's argument, it would directly contradict binding Ninth Circuit case law, and it would mean that any company or individual that sells products through a nationwide retail website can be haled into court in any state in the country.

In addition, the Response failed to address whether the Court has general jurisdiction over Mr. Dong at all.  Oddly, the Response only includes a few sentences about Mr. Dong, and claims that he "personally and intentionally performed and directed the tortious acts and therefore has purposefully availed himself as to California."  *See* the Response, pp. 7, lines 1-9.  However, the Response does not address the fact that Mr. Dong has virtually no connection to the state of California, nor does the Response cite any case law or other authority to support its proposition.  The mere allegation that "Dong personally and intentionally performed and direct the tortious acts," without even a single allegation of a specific instance, is grossly insufficient.  Consequently, the Complaint and the Response clearly did not and cannot demonstrate the necessary continuous and systematic contacts required to find general jurisdiction.

## 2. The Plaintiff Also Failed To Meet Its Burden To Establish Specific Personal Jurisdiction.

The Response also fails to show that the Court has specific jurisdiction over the Defendants. As stated in the Motions, specific personal jurisdiction arises when "(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2002). Plaintiff's Response admits that it is required to prove the first two prongs of the specific jurisdiction test. *See* the Response, pp. 4, lines 13-14. Despite this admission, Plaintiff did not offer any explanation as to how the Defendants performed an act or consummated some transaction within the forum. Oddly, Plaintiff's entire explanation is that Defendants acted intentionally – which is not enough to satisfy the first requirement. As the Court is aware, the Ninth Circuit requires "something more" that demonstrates defendant directed its activity *to the forum state* in a substantial way, and not in a generalized way via the internet. *See SDS Korea Co., Ltd. v. SDS USA, Inc.,* 732 F. Supp. 2d 1062, 1079 (S.D. Cal. 2010) citing *CollegeSource, Inc.*, 2009 WL 2705426, at *5-6, and *Cybersell, Inc. v. Cybersell, Inc.,* 130 F.3d 414, 419 (9th Cir. 1997). But in the entirety of the Complaint and the Response, Plaintiff does not allege "something more" to indicate that Defendants directed their activity in a substantial way to the forum state. In reality, Defendants only came in contact with California consumers as a result of sales through Amazon.com and eBay, which is too attenuated to justify specific jurisdiction. *See Dex Prods., Inc. v. Houghteling*, 2006 WL 1751903, at *4 (N.D. Cal. 2006).

Further, Plaintiff did not meet its burden regarding the second prong of the specific jurisdiction test. Plaintiff hinges its argument on the proposition that in

GALLAGHER & KENNEDY, P.A.
ATTORNEYS AT LAW
PHOENIX

order to commit the purported trademark infringement, Defendants would have had to copy Plaintiff's ASIN numbers and would have learned Plaintiff's identity. Yet again, Defendants are unsure why Plaintiff thinks such matters are particularly persuasive, because merely being aware of Plaintiff's residence is not enough to satisfy its burden. Plaintiff instead must show that it would not have been injured "but for" the Defendants' activities in California. *See Panavision Intern., L.P. v. Toepen*, 141 F.3d 1316, 1322 (9th Cir. 1998); *Ballard v. Savage,* 65 F.3d 1495, 1500 (9th Cir. 1995). But, as has been established in the Motions and supportive declarations, and uncontroverted by Plaintiff, Loong Star's actions were not "aimed at" the forum at all – Loong Star sells products to potential customers via the internet to residents nationwide. Similar to Plaintiff's own sales, Loong Star conducts business exclusively over the internet. Plaintiff seems to believe that if it alleges that it was harmed by Defendant's activities, that the Court has jurisdiction simply because it is a California resident. But the activities *themselves* must be directed at the forum, which Plaintiff does not allege or address. The Response also fails to identify any activities that Mr. Dong directed at California, or how any such activity gave rise to the claims in the Complaint. Thus, Plaintiff fails to establish both required elements, and the Court does not have specific jurisdiction over the Defendants.

Finally, even if Plaintiff had satisfied its burden, the exercise of personal jurisdiction over Defendants would be unreasonable. As fully explained in the Motion, Loong Star has little to no contact with California and its corporate records and most witnesses reside in Kansas. General jurisdiction and venue favor this matter being decided in Kansas, and accordingly, this case should have been filed and, if not dismissed, transferred there.

### 3. **Plaintiff Does Not Meaningfully Dispute That California Is The Improper Venue.**

The Response closes with a "bootstraps" argument that insists that "if this Court find[s] that it has personal jurisdiction over Defendants than venue is also proper." *See* the Response, pp. 7, lines 15-16. But here, Plaintiff failed to demonstrate that this Court has personal jurisdiction over the Defendants, and thus, even under its own logic, venue is improper. Plaintiff's inability to prove that Mr. Dong or Loong Star are California residents, that Defendants have California connections, or that Defendants directed any alleged acts at California is conclusive that venue in California would be improper. If not dismissed, then this case should be immediately transferred to the District of Kansas - the court with personal jurisdiction over Defendants and the proper venue.

### CONCLUSION

For all of the foregoing reasons, in accordance with the Motions, the supportive and uncontroverted declarations, and the reasons set forth in this Reply, the Defendants respectfully request that this Court enter an Order:

- Dismissing the action for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), or dismissing the action for improper venue pursuant to Fed. R. Civ. 12(b)(3) and 28 U.S.C. § 1406; or, alternatively,
- Transferring the action to the District of Kansas for improper venue pursuant to 28 U.S.C. § 1406 and/or 28 U.S.C. § 1631, or transferring the action to the District of Kansas for the convenience of the parties, convenience of the witnesses, and interest of justice pursuant to 28 U.S.C. § 1404.

GALLAGHER & KENNEDY, P.A.
ATTORNEYS AT LAW
PHOENIX

| | |
|---|---|
| Dated: August 25, 2014 | GALLAGHER & KENNEDY, P.A. |
| | By: /s/ Kenneth M. Motolenich-Salas |
| | Kenneth M. Motolenich-Salas (*pro hac vice*) |
| | |
| | MANION GAYNOR MANNING LLP |
| | Dustin Beckley (California Bar No. 238692) |
| | |
| | Attorneys for Defendants |
| | Loong Star, Inc. and Wenji Dong |